IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| RAYMOND WILLIS LACKEY, PRO SE, also known as RAY LACKEY, County ID No. 149686, Plaintiff, v. Lt. ANDREW GRATS, Assistant Warden NFN BEECH, Lt. NFN McCOY, Lt. NFN JARMON, and TDCJ, Defendants. | 2:14-CV-0212 |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff RAYMOND WILLIS LACKEY, acting *pro se* and while a detainee confined in the Potter County Jail, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and has been given permission to proceed in accordance with Title 28, United States Code, section 1915(b)[1].

Plaintiff alleges that, on July 13, 2013, before his release from the Texas Department of Criminal Justice, Correctional Institutions Division, the defendants ignored his protests and placed him in a cell "with an inmate who[m] [he] couldn't be housed with." Plaintiff alleges the inmate subsequently cut himself and plaintiff is now "facing criminal charges regarding that issue." Plaintiff says he should never have been placed in that situation and the defendants abused their authority by putting his life in danger.

---

[1] Plaintiff also filed cause no. 2:14-CV-0204 concerning claims against other defendants connected with the operative facts of this case.

Plaintiff requests the "cases" be dropped and an award of financial compensation for emotional and physical distress and for time spent in jail regarding these cases.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[2], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[3].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff in his complaint to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

The Prison Litigation Reform Act requires a physical injury before a prisoner can recover for psychological damages. 42 U.S.C. § 1997e(e) ("No federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury."). Relying on Eighth Amendment jurisprudence, the Fifth Circuit teaches that the

---

[2] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[3] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

"physical injury" required by section 1997e(e) "must be more than de minimus [sic], but need not be significant." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997). Plaintiff has failed to allege any physical injury in the instant cause and his passing reference to "physical distress" does not satisfy the physical injury requirement. Plaintiff's claim for monetary relief lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff also requests that the criminal cases for which he is presently in jail and awaiting trial be dropped. The *Younger* abstention doctrine expresses the fundamental policy against federal interference with state criminal prosecutions. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746 (1971). The abstention doctrine requires a federal district court to refrain from interfering with pending state criminal proceedings in deference to the principles of equity, comity, and federalism[4]. Abstention under *Younger* "is generally deemed appropriate [when] assumption of jurisdiction by a federal court would interfere with pending state proceedings, whether of a criminal, civil, or even administrative character." *Louisiana Debating and Literary Ass'n v. City of New Orleans*, 42 F.3d 1483, 1489 (5th Cir.)(citing *Word of Faith World Outreach Center Church, Inc. v. Morales*, 986 F.2d 962, 966 (5th Cir.), *cert. denied*, 510 U.S. 823, 114 S.Ct. 82 (1993)), *cert. denied*, 515 U.S. 1145, 115 S.Ct. 2583 (1995). "[T]he pending state proceeding must be ongoing and judicial in nature." *Sierra Club v. City of San Antonio*, 112 F.3d 789, 798 (5th Cir. 1997).

To escape application of this doctrine, the injury threatened must be irreparable, great and immediate, and the threat to federally protected rights must be one that cannot be eliminated by defense against a single criminal prosecution.

---

[4] *Younger v. Harris*, 401 U.S. 37, 53, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

Plaintiff appears to be attempting a collateral attack on the charges for which he is awaiting trial by accusing the TDCJ officers of wrong-doing. With respect to this claim, abstention is appropriate under *Younger*.

## CONCLUSION

Pursuant to Title 28 U.S.C. sections 1915A and 1915(e)(2),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff RAYMOND WILLIS LACKEY is DISMISSED WITH PREJUDICE AS FRIVOLOUS and WITHOUT PREJUDICE PURSUANT TO THE *YOUNGER* ABSTENTION DOCTRINE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the _____4th_____ day of November, 2014.

_____
MARY LOU ROBINSON
United States District Judge